## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRIAN PUSKAS and TERESA
PUSKAS,

      Plaintiff,

v.

MODERN CONCEPTS
CONSTRUCTION, LLC, MODERN
CONCEPTS SOLAR AND ROOFING,
INC. and GOODLEAP, LLC,

      Defendants.

_____/

CASE NO. _____

## DEFENDANT GOODLEAP, LLC'S
## <u>NOTICE OF REMOVAL TO FEDERAL COURT</u>

Defendant, GOODLEAP, LLC ("GoodLeap"), pursuant to 28 U.S.C. §§ 1441(a), 1446(a), 1331, and the Class Action Fairness Act ("CAFA"), hereby files its notice of removal of that action filed by Plaintiffs, BRIAN PUSKAS and TERESA PUSKAS (collectively, "Plaintiffs"), in the Twelfth Judicial Circuit Court in and for Manatee County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.  In support thereof, GoodLeap states as follows:

### <u>PROCEDURAL BACKGROUND</u>

On or about February 28, 2023, Plaintiffs filed their complaint (the "Complaint") in that certain action styled *Brian Puskas and Teresa Puskas v. GoodLeap, LLC, et al.*, case no. 2023-Ca-000857, in the Circuit Court of the

Twelfth Judicial Circuit Court in and for Manatee County, Florida (the "State Court Action"). GoodLeap was served with Plaintiffs' Complaint on March 2, 2023.

## GROUNDS FOR REMOVAL UNDER 28 U.S.C. § 1331

Removal of the State Court Action to the United States District Court for the Middle District of Florida is proper pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331, because the State Court Action is a civil action founded on a claim or right arising under the laws of the United States. This Court has original jurisdiction over the subject matter of Plaintiffs claims asserted in the State Court Action because federal questions have been alleged therein relating to consumer disclosures. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

Specifically, Plaintiffs purport to assert claims against GoodLeap under the Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001 and the Truth and Lending Act. In the State Court Action, Plaintiffs allege "[a]t the time of the transaction, Defendant failed to give the necessary disclosures as required under The E-Sign Sct (*see* 15 U.S.C. § 7001(c)(1)(a)) and the Truth and Lending Act (TILA)." *See* Compl., at ¶ 60. Accordingly, removal is proper because Plaintiffs assert claims against GoodLeap which arise from

federal statutes, and the district courts have original jurisdiction over such claims.

## GROUNDS FOR REMOVAL UNDER CLASS ACTION FAIRNESS ACT

### a) STATUTORY BASIS FOR REMOVAL.

This action is within the original subject matter jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(d)(2)(A), which vests federal district courts with original jurisdiction over a class action in which any putative class member is a citizen of a state different from any defendant and the amount in controversy exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2)(A).

### b) EXISTENCE OF A CLASS ACTION.

For purposes of federal jurisdiction, a class action is any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or any "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs filed the instant action as a class action under Florida law. Accordingly, this instant action is a "class action" subject to the provisions of 28 U.S.C. § 1332(d).

**c)** CITIZENSHIP OF THE PARTIES.

Pursuant to CAFA, federal district courts have jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). As detailed below, the named Plaintiffs are believed to be citizens of the State of Florida, while the putative class includes citizens of other states, and Defendant GOODLEAP, LLC, is a citizen of the State of California pursuant to 28 U.S.C. § 1332(d)(10). Accordingly, the minimal diversity of citizenship required by CAFA exists.

### i. Citizenship of Plaintiffs and the Putative Class.

Plaintiffs are residents of the State of Florida. Compl., at ¶ 2. Upon information and belief, they are Florida citizens.

The putative class is alleged to consist of "all persons within the state of Florida" who, among other things, "had solar panels installed on their property" and "financed through GOODLEAP," during the three years prior to the filing of the Complaint. *See* Compl., at ¶¶ 37 and 41.1 – 41.4.

On its face, a class comprising persons who resided in Florida over a three-year period is not limited to Florida citizens. *See Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1157 (11th Cir. 2021) (stating that plaintiff's definition of the class as persons who resided in Florida facilities in a four-year period did not limit the class to Florida residents).

### ii. <u>Citizenship of Defendant Modern Concepts Construction, LLC.</u>

Defendant MODERN CONCEPTS CONSTRUCTION, LLC, is a Florida limited liability company with its principal place of business in the State of Florida.

### iii. <u>Citizenship of Defendant Modern Concepts Solar and Roofing, Inc.</u>

Defendant MODERN CONCEPTS SOLAR and ROOFING, INC., is a Florida corporation and a with its principal place of business in the State of Florida.

### iv. <u>Citizenship of GoodLeap, LLC.</u>

Plaintiff alleges that "Defendant GOODLEAP, LLC, is a California Company." Compl., at ¶ 5. In fact, GoodLeap, LLC, is organized and has its principal place of business in California. For purposes of CAFA jurisdiction, limited liability companies are treated as unincorporated associations, and an unincorporated association is a citizen of the state in which it is organized and the state of its principal place of business. *Alvarez v. Loancare LLC*, No. 20-21837-CIV, 2021 WL 184547, at *7 (S.D. Fla. Jan. 19, 2021); *see also* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").

Accordingly, CAFA's required minimal diversity exists because at least one class member is a citizen of the State of Florida and GoodLeap is a citizen of a different State.

### d) NUMEROSITY.

Section 1332(d)(2)(A) applies only if the class consists of 100 or more putative members. 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiffs allege that the class consists of over 100 persons. *See* Compl., at ¶ 38 ("Plaintiff does not know the number of members in the class but believes that the Class members number exceeds 100, if not more."). Accordingly, CAFA's numerosity requirement is satisfied.

### e) AMOUNT IN CONTROVERSY EXCEEDS FIVE MILLION DOLLARS IN THE AGGREGATE.

Under CAFA, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests or costs." 28 U.S.C. § 1332(d)(6).

Here, Plaintiffs seek rescission of all loans for MS Solar-installed equipment, which in the aggregate will exceed more than the sum or value of $5,000,000. To illustrate, Plaintiffs' loan is for approximately $134,000.00 and Plaintiffs allege there are more than 100 loans at issue. These allegations support removal because 101 loans at even half the loan amount of Plaintiffs'

equals more than $5,000,000. Accordingly, the amount in controversy exceeds more than the sum or value of $5,000,000 in the aggregate.

## <u>COMPLIANCE WITH PROCEDURAL REQUIREMENTS</u>

Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the Middle District of Florida, Tampa Division, because that is the district and division embracing the place where the State Court Action is pending.

In accordance with 28 U.S.C. § 1446(a), a copy of all executed process, pleadings, and orders in the State Court Action served upon GoodLeap are attached hereto as **Exhibit 'A'**. This Notice of Removal is timely filed because the 30th day following service fell on a weekend and this Notice is being filed the next day that is not a Saturday or Sunday. 28 U.S.C. § 1446(a); Fed. R. Civ. P. 6(a)(1). Pursuant to 28 U.S.C. § 1446(d), GoodLeap has contemporaneously filed a copy of this Notice of Removal with the Clerk of the Twelfth Judicial Circuit Court in and for Manatee County, Florida.

**WHEREFORE**, Defendant GOODLEAP, LLC respectfully removes this action from the Twelfth Judicial Circuit Court in and for Manatee County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

Dated this 3rd day of April, 2023.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
*Counsel for GoodLeap, LLC*
1905 N.W. Corporate Blvd., Suite 310
Boca Raton, Florida 33431
P: 561-343-6900 | F: 561-483-7321

By:     */s/ T.W. Anderson*
        **Terrance W. Anderson, Jr., Esq.**
        Florida Bar No. 27426
        TW.Anderson@nelsonmullins.com
        Jenny.Sica@nelsonmullins.com

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY THAT on April 3, 2023, a true and correct copy of the

foregoing was served on all parties listed in the attached service list.

By:     */s/ T.W. Anderson*
        **Terrance W. Anderson, Jr., Esq.**
        Florida Bar No. 27426

## <u>SERVICE LIST</u>

**THE CONSUMER PROTECTION**
**ATTORNEY, PA**
301 W. Platt. St., #216
Tampa, FL 33606
bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com

Filing # 167682658 E-Filed 02/28/2023 10:46:35 AM

### IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### IN AND FOR MANATEE COUNTY, FLORIDA
### CIVIL ACTION

BRIAN PUSKAS and TERESA PUSKAS, and
all others similarly situated,

|  |  |
|---|---|
| | CASE NO.:   23-CA- |
| Plaintiff, | JURY TRIAL DEMANDED |
| | PROPOSED CLASS ACTION |

v.

MODERN CONCEPTS CONSTRUCTION, LLC,
MODERN CONCEPTS SOLAR AND ROOFING INC.,
and GOODLEAP, LLC

        Defendants.

_____/

### COMPLAINT

Plaintiff, BRIAN PUSKAS (hereinafter "Plaintiff"), by and through the undersigned counsel, files this Complaint against MODERN CONCEPTS CONSTRUCTION, LLC, MODERN CONCEPTS SOLAR  AND ROOFING INC., and GOODLEAP, LLC and as grounds state:

### PARTIES

1.      This is an action for damages that exceeds $50,000, exclusive of costs and attorney's fees.

2.      Plaintiffs, BRIAN PUSKAS and TERESA PUSKAS, are Manatee County, Florida residents.

3.      Defendant, MODERN CONCEPTS CONSTRUCTION, LLC ("MC CONSTRUCTION"), is a Florida limited liability company that does business in this county by purportedly providing construction and solar materials to Defendant, MODERN CONCEPTS SOLAR  AND ROOFING INC., and to residents of the state of Florida.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

4.      Defendant, MODERN CONCEPTS SOLAR   AND ROOFING INC. ("MC SOLAR"), is a Florida For-Profit Corporation that does business in this county by purportedly providing roofing and solar systems to residents of the state of Florida.

5.      Defendant, GOODLEAP, LLC, is a California Company that transacts business nationally by providing home improvement loans to consumers in Florida and Manatee County.

6.      Defendant GOODLEAP LLC is the financing company for MC SOLAR and MC CONSTRUCTION. As they paid for the product and services sold by MC SOLAR and MC CONSTRUCTION, the FTC Holder Rule applies. *See 16 CFR § 433.2.*

7.      Venue is proper at the property at issue in this litigation is located in this county.

**GENERAL ALLEGATIONS**

8.      The plaintiffs first met with Defendant's MC SOLAR representatives regarding procuring solar services at their property in this County.

9.      MC Solar initially had great reviews online and was the only company the Plaintiffs interviewed that could provide a Solar System that met their needs, to wit, to offset the entire electrical use by the Plaintiffs and eliminate an electric bill.

10.      On or about June 12, 2022, Defendant MC SOLAR presented the Plaintiffs with a purchase contract for their solar Solar System through its agent, MC CONSTRUCTION. A true and correct copy is attached as Exhibit 1.

11.      Before June 12, 2022, and upon information and belief, the Plaintiff's had not been presented with or signed an E-Sign Consent form. As a result, any applicable recision period has not been correctly given.

12.      Despite making their needs clear to the contractor for MC SOLAR, the Plaintiffs were sold an oversized solar panel Solar System ("Solar System" or "System") far beyond what they required.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

13.     During the sales presentation, they were told that the Solar System was designed to meet their needs.

14.     With this in mind, the Solar System was initially designed and permitted for "100 panels."

15.     On the installation day, MC SOLAR changed from the planned 100 smaller panels to 94 larger ones without changing the Contract, yet failed to update the diagrams/permit with the city.

16.     Despite a material change to their plans and a deviation from the permit, the Solar System was installed anyways.

17.     Manatee County refused to inspect the installation until the new design was submitted.

18.     As soon as the panels were installed, Defendant GOODLEAP released the funds to MC Solar.

19.     After being paid, it took repeated calls to MC Solar to submit updated plans to the city.

20.     After they were submitted, the inspection took place on December 29th.

21.     As installed by Defendant, MC Construction for MC SOLAR, the solar panel Solar System failed inspection.

22.     After a few weeks, Defendant, MC SOLAR, sent technicians to correct the discrepancies found by the inspector.

23.     Defendant, MC SOLAR,  took several more weeks and multiple phone calls from Plaintiffs to get the company to reinspect.

24.     Plaintiffs spoke with a newer employee of  Defendant, MC SOLAR, at the office, who also had a background in solar panel installations.

25.     He came the morning of the reinspect to speak with the inspector and make sure it passed.

26.     It failed again; however, the employee could quickly repair it this time, and it subsequently passed.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

27.    Plaintiffs were told the next step was that the company would reach out to the power company, and they would install the bi-directional meter, after which MC Solar would "turn on" the Solar System.

28.    Plaintiffs called the MC SOLAR office, and MC SOLAR indicated that they had yet to order one while the Home was ready for the meter.

29.    MC SOLAR said they would email the required documentation and contact the power company.

30.    Plaintiffs have never received an email, and MC SOLAR is no longer responsive.

31.    Recently, the Plaintiffs received written correspondence from GOODLEAP, attached as Exhibit 2, which indicates that:
"As you may know, your contractor Modern Concepts has been unresponsive. We were recently made aware of their situation and are currently considering ways so we can assist you in this situation. Modern Concepts no longer has the capability to oversee your project to completion. GoodLeap is actively connecting with a trusted third party that will complete the required work and make sure your Solar System is fully operation and up and running. We will have a final determination of who will be assisting with getting your project to completion in 2 weeks. Please use us as your point of contact moving forward for any questions or concerns about your Solar System. We will reach out in 2 weeks with further information and next steps."

32.    As a result of this communication, GOODLEAP is taking over for MC SOLAR and MC CONSTRUCTION based on the agreements under the FTC Holder Rule.

33.    The facts contained in allegations 8 - 31 are substantially similar for hundreds of consumers throughout the state of Florida (and nationwide).

34.    All conditions precedent to this suit has been met or waived.

35.    Plaintiffs have engaged The Consumer Protection Attorney, PA and have agreed that they are owed a reasonable fee for the work performed. Consistent

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

with the agreement between the parties, as the prevailing party, the Plaintiffs may seek reimbursement of these amounts paid from the Defendants.

**CLASS ALLEGATIONS**

36.    Plaintiffs bring this action on behalf of themselves and all others similarly situated ("the Class").

37.    Plaintiffs represent and are a member of a Class consisting of all persons within the state of Florida who, within three years before the filing of this Complaint, have been approached by Defendant, MC SOLAR, or its agent Defendant, MC CONSTRUCTION, who were provided contracts to execute and sign without receiving the e-sign consent as required under Florida and Federal law, who had solar panel systems installed on their property by MC CONSTRUCTION, MC SOLAR, or its Agents, who did not receive the advertised benefit of the solar panel Solar System including a working solar panel Solar System or elimination of a significant portion of the utility bill, and who financed through GOODLEAP.

38.    Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the class but believes that the Class members number exceeds 100, if not more. Thus, this matter should be certified as a Class action for judicial economy and efficiency and to assist in the expeditions litigation of this matter.

39.    The acts of Defendants harmed plaintiffs and members of the class in at least the following ways: Each has been approached by Defendant, MC SOLAR, or its agent Defendant, MC CONSTRUCTION, who then provided contracts to execute and sign without receiving the e-sign consent as required under Florida and Federal law, who had solar panel systems installed on their property by MC CONSTRUCTION, MC SOLAR, or its Agents, who did not receive the advertised benefit of the solar panel Solar System including a working solar panel Solar System or elimination of a This suit seeks compensatory damages as well as statutory damages on behalf of the Class. Plaintiff reserves the right to expand the

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40.     The joinder of Class members is impractical due to a large number of class members, and the disposition of their claims in the Class action will provide substantial benefits to both the parties and the Court. The Class can be identified through the Defendants' or Defendants' agents' records.

41.     There is a well-defined community of interest in the questions of law and facts involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

1.  Whether, within three years prior to the filing of this Complaint, Defendants or their agents made representations to the consumer that were patently false, including grossly inadequate "estimates" as to the elimination of the utility bill;

2.  Whether, within three years prior to the filing of this Complaint, Defendants or their agents, failed to provide e-sign consent forms to consumers which would authorize the Defendants to enter into binding agreements with the consumer;

3.  Whether, within three years prior to the filing of this Complaint, Defendants or their agents, failed to install a solar panel system which matched the design submitted to the local government for permitting; AND

4.  Whether, within three years prior to the filing of this Complaint, Defendants or their agents indicated that they could no longer complete the contract between the parties and that the Consumer would need to find a new provider.

42.     As persons who, within three years before the filing of this Complaint, have been approached by Defendant, MC SOLAR, or its agent Defendant, MC CONSTRUCTION, who were provided contracts to execute and sign without

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

receiving the e-sign consent as required under Florida and Federal law, who had solar panel systems installed on their property by MC CONSTRUCTION, MC SOLAR, or its Agents, who did not receive the advertised benefit of the solar panel Solar System including a working solar panel Solar System or elimination of a significant portion of the utility bill, and who financed through GOODLEAP, Plaintiffs are asserting claims that are typical of this class. During the three-year period prior to the filing of this Complaint, Defendants were engaged in a pattern and practice of contacting members of the class in connection with a debt that was time-barred for collection through legal action. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

43.    Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the relatively small size of the individual claims, few, if any Class members could afford to seek individual legal redress for the wrongs complained of herein.

44.    Plaintiff has retained counsel experienced in handling claims involving violations of the laws referenced herein and has a history in solar panel/consumer rights litigation.

45.    A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal and Florida law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action pursuant to the laws referenced herein is minimal. Management of these claims is likely to present significantly fewer difficulties than those present in many class claims.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

### COUNT I - DECEPTIVE AND UNFAIR TRADE PRACTICES
### [Class Count - All Defendants]

46.     Plaintiffs reallege and incorporate allegations 1 - 45 as if fully set forth herein.

47.     This is an action for damages and injunctive relief under the Florida Deceptive and Unfair Trade Practice Act (Fla. Stat. 501.201, et. seq.)

48.     Defendant is a business engaged in a trade or practice or commerce is defined under Fla. Stat. 501.203.

49.     Plaintiffs are consumers as defined by that act.

50.     Defendants offer and sell goods (in the form of roofing and solar panel materials and systems) and services (in the form of roofing services) to consumers by using unfair acts in furtherance of a trade or commerce; namely, the representation to homeowners that damage exists on a roof without a thorough inspection of the roof and basing that finding on neighboring parcels.

51.     Defendants offer and sell goods (in the form of roofing materials) and services (in the form of roofing and solar Solar System services) to consumers by using deceptive acts in furtherance of a trade or commerce; namely, the false representation of the utility of solar Solar System, including that it would eliminate or virtually eliminate a utility bill, that a specific amount of generation of the Solar System could be acheived, that the agreements between the parties were valid and binding, despite not giving the proper disclosures under the E-Sign Act (*See 15 U.S.C. § 7001(c)(1)(a); also Fla. Stat. § 668.50*), not allowing the Plaintiffs to read the contract in depth at the time of signing, not properly installing the Solar System, not properly permitting the Solar System, not responding to customer inquiries in a timely manner, and being unable to complete their contracts with consumers in the state of Florida.

52.     As a result of these unfair and deceptive acts, the Plaintiffs were damaged. Specifically, the raise in the insurance rate and the cost of replacement of the roof in question.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

WHEREFORE, Plaintiffs, request actual damages, compensatory damages stemming from the misrepresentations, an injunction to enjoin the Defendants from advertising or procuring clients in this manner and using a deceptive sales pitch or from enforcing those agreements, emotional damages, attorney's fees and costs, for interest (pre and post judgment), and for any and all other relief this Court deems just and proper.

### COUNT II - FRAUD IN THE EXECUTION
### [Class Count - All Defendants]

53.     Plaintiffs reallege and incorporate allegations 1 - 45 as if fully set forth herein.

54.     Plaintiffs were presented with an electronic document, which did not properly afford the Plaintiff's time to review the contract in a manner which allowed them to form intent to execute any agreement.

55.     All that the Plaintiffs were told is that the contract they were signing mirrored the sales pitch they were presented.

56.     This is patently false. The Plaintiffs in this cause of action were told that the system they were building was one which would meet their needs to eliminate electricity bills.

57.     At no point were the Plaintiffs told that they "estimated" this data in their sales presentation.

58.     Clearly, the agreed upon "deal" and the written "deal" contain material changes, none of which were represented by the Defendants.

WHEREFORE, Plaintiffs, request actual damages, an injunction to enjoin the Defendant from advertising or procuring clients in this manner, emotional damages, attorney's fees and costs, for interest (pre and post judgment), and for any and all other relief this Court deems just and proper.

### COUNT III - RESCISSION
### [Class Count - All Defendants]

59.     Plaintiffs reallege and reincorporate allegations 1 - 45 as if fully set forth herein.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

60.     At the time of the transaction, the Defendants failed to give the necessary disclosures as required under The E-Sign Act (*See 15 U.S.C. § 7001(c)(1) (a); also Fla. Stat. § 668.50)* and the Truth and Lending Act (TILA), including, but not limited to failing to provide statutorily required disclosures of a three day cooling off period as the sale occurred at the Plaintiff's Home, by not providing the true cost of financing on the transaction as would be required under a Mortgage, and by not providing the E-Sign Consent ahead of delivering items to the Plaintiffs electronically.

61.     As a result of these failures, the Plaintiffs have been damaged, including actual damages and emotional damages arising from increased electrical bills that were to be eliminated AND improper reporting on the Plaintiffs' credit.

62.     As a result of these failures, the Plaintiffs have a 3-year right of rescission pursuant to 15 USC 1635(f). Plaintiffs have tendered this notice to the Defendants named herein.

WHEREFORE, Plaintiffs, demand judicial enforcement of the right to rescind, for actual damages, statutory damages, attorney's fees and costs, and for any other relief this court deems just and proper.

## COUNT IV - BREACH OF CONTRACT
## [Class Count, PLEAD IN THE ALTERNATIVE TO COUNTS I - III]

63.     Plaintiffs reallege and reincorporate allegations 1 - 45 as if fully set forth herein.

64.     If unsuccessful in Counts I - III, Plaintiffs will have been found to have a contract between Defendant, MC SOLAR, MC CONSTRUCTION, and GOODLEAP.

65.     That contract is for a solar panel system that would eliminate any and all use of "on-grid" electricity or significantly minimize that use.

66.     To date, this has not occurred.

67.     As a result, the Defendants' have breached their agreement between the parties.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

68.     This breach has caused damages in excess of $130,000.00.

WHEREFORE, Plaintiffs demand actual damages, interest (pre and post judgment), attorney's fees and costs, and for any other relief this court deems just and proper.

## COUNT V - AVOIDING FRADULENT TRANSFERS
### [Class Count, AS TO MC CONSTRUCTION/MC SOLAR]

69.     Plaintiffs reallege and incorporate allegations 1 - 45 as if fully set forth herein.

70.     This action is being brought under Fla. Stat. 726.110(a).

71.     Upon information and belief, Defendants have a shared business relationship which allows them to shift assets in an effort to hinder or delay the ability for Plaintiffs to recover damages.

72.     As this suit requests damages from these entities, who may improperly transfer funds to avoid such collection, any monetary transfers, assignments of contracts, or use of funds obtained in furtherance of the behavior complained of herein must be avoided.

73.     Absent avoidance of these transfers, Plaintiff is unable to perfect a judicial lien against these assets and obtain justice.

WHEREFORE, Plaintiffs request judgment in their favor, that any transfer between MC SOLAR and MC CONSTRUCTION be avoided, for attorney's fees and costs, and any and all other relief this Court deems just. .

## DEMAND FOR JURY TRIAL
Plaintiffs demand a jury trial for all issues so triable.


Respectfully submitted,

THE CONSUMER PROTECTION
ATTORNEY, PA
Attorneys for Plaintiff.
301 W. Platt St., #216.
Tampa, FL 33606
Phone: 813.252.0239

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

Email:
bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com

By:    /s/ Bryant H. Dunivan Jr.
        Bryant H. Dunivan Jr., Esq.
        Fla. Bar No.: 102594
        MI P. No.: 85206

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Brian Puskas and Teresa Puskas | MODERN CONCEPTS CONSTRUCTION, LLC, MODERN CONCEPTS SOLAR AND ROOFING, INC. and |

| **(b)** County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Bryant Dunivan<br>THE CONSUMER PROTECTION | Terrance W. Anderson, Lead<br>Counsel for GoodLeap, LLC |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §7001 and the Truth and Lending Act

Brief description of cause:
Electronic Signatures in Global and National Commerce Act, 15 U.S.C. §7001 and the Truth and Lending Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    **DEMAND $** _____    CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
 United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
 United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
 Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
 Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

V. **Origin.** Place an "X" in one of the seven boxes.
 Original Proceedings. (1) Cases which originate in the United States district courts.
 Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
 Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
 Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
 Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
 Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
 Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
 **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
 Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
 Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Filing # 167682658 E-Filed 02/28/2023 10:46:35 AM

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL ACTION

BRIAN PUSKAS and TERESA PUSKAS, and
all others similarly situated,

                                  CASE NO.:   23-CA-

           Plaintiff,               JURY TRIAL DEMANDED
                                    PROPOSED CLASS ACTION

v.

MODERN CONCEPTS CONSTRUCTION, LLC,
MODERN CONCEPTS SOLAR AND ROOFING INC.,
and GOODLEAP, LLC

           Defendants.
_____/

**COMPLAINT**

      Plaintiff, BRIAN PUSKAS (hereinafter "Plaintiff"), by and through the undersigned counsel, files this Complaint against MODERN CONCEPTS CONSTRUCTION, LLC, MODERN CONCEPTS SOLAR AND ROOFING INC., and GOODLEAP, LLC and as grounds state:

**PARTIES**

      1.    This is an action for damages that exceeds $50,000, exclusive of costs and attorney's fees.

      2.    Plaintiffs, BRIAN PUSKAS and TERESA PUSKAS, are Manatee County, Florida residents.

      3.    Defendant, MODERN CONCEPTS CONSTRUCTION, LLC ("MC CONSTRUCTION"), is a Florida limited liability company that does business in this county by purportedly providing construction and solar materials to Defendant, MODERN CONCEPTS SOLAR AND ROOFING INC., and to residents of the state of Florida.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

4.      Defendant, MODERN CONCEPTS SOLAR   AND ROOFING INC. ("MC SOLAR"), is a Florida For-Profit Corporation that does business in this county by purportedly providing roofing and solar systems to residents of the state of Florida.

5.      Defendant, GOODLEAP, LLC, is a California Company that transacts business nationally by providing home improvement loans to consumers in Florida and Manatee County.

6.      Defendant GOODLEAP LLC is the financing company for MC SOLAR and MC CONSTRUCTION. As they paid for the product and services sold by MC SOLAR and MC CONSTRUCTION, the FTC Holder Rule applies. *See 16 CFR § 433.2.*

7.      Venue is proper at the property at issue in this litigation is located in this county.

**GENERAL ALLEGATIONS**

8.      The plaintiffs first met with Defendant's MC SOLAR representatives regarding procuring solar services at their property in this County.

9.      MC Solar initially had great reviews online and was the only company the Plaintiffs interviewed that could provide a Solar System that met their needs, to wit, to offset the entire electrical use by the Plaintiffs and eliminate an electric bill.

10.     On or about June 12, 2022, Defendant MC SOLAR presented the Plaintiffs with a purchase contract for their solar Solar System through its agent, MC CONSTRUCTION. A true and correct copy is attached as Exhibit 1.

11.     Before June 12, 2022, and upon information and belief, the Plaintiffs had not been presented with or signed an E-Sign Consent form. As a result, any applicable recision period has not been correctly given.

12.     Despite making their needs clear to the contractor for MC SOLAR, the Plaintiffs were sold an oversized solar panel Solar System ("Solar System" or "System") far beyond what they required.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

13.     During the sales presentation, they were told that the Solar System was designed to meet their needs.

14.     With this in mind, the Solar System was initially designed and permitted for "100 panels."

15.     On the installation day, MC SOLAR changed from the planned 100 smaller panels to 94 larger ones without changing the Contract, yet failed to update the diagrams/permit with the city.

16.     Despite a material change to their plans and a deviation from the permit, the Solar System was installed anyways.

17.     Manatee County refused to inspect the installation until the new design was submitted.

18.     As soon as the panels were installed, Defendant GOODLEAP released the funds to MC Solar.

19.     After being paid, it took repeated calls to MC Solar to submit updated plans to the city.

20.     After they were submitted, the inspection took place on December 29th.

21.     As installed by Defendant, MC Construction for MC SOLAR, the solar panel Solar System failed inspection.

22.     After a few weeks, Defendant, MC SOLAR, sent technicians to correct the discrepancies found by the inspector.

23.     Defendant, MC SOLAR,  took several more weeks and multiple phone calls from Plaintiffs to get the company to reinspect.

24.     Plaintiffs spoke with a newer employee of  Defendant, MC SOLAR, at the office, who also had a background in solar panel installations.

25.     He came the morning of the reinspect to speak with the inspector and make sure it passed.

26.     It failed again; however, the employee could quickly repair it this time, and it subsequently passed.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

27.     Plaintiffs were told the next step was that the company would reach out to the power company, and they would install the bi-directional meter, after which MC Solar would "turn on" the Solar System.

28.     Plaintiffs called the MC SOLAR office, and MC SOLAR indicated that they had yet to order one while the Home was ready for the meter.

29.     MC SOLAR said they would email the required documentation and contact the power company.

30.     Plaintiffs have never received an email, and MC SOLAR is no longer responsive.

31.     Recently, the Plaintiffs received written correspondence from GOODLEAP, attached as Exhibit 2, which indicates that:

"As you may know, your contractor Modern Concepts has been unresponsive. We were recently made aware of their situation and are currently considering ways so we can assist you in this situation. Modern Concepts no longer has the capability to oversee your project to completion. GoodLeap is actively connecting with a trusted third party that will complete the required work and make sure your Solar System is fully operation and up and running. We will have a final determination of who will be assisting with getting your project to completion in 2 weeks. Please use us as your point of contact moving forward for any questions or concerns about your Solar System. We will reach out in 2 weeks with further information and next steps."

32.     As a result of this communication, GOODLEAP is taking over for MC SOLAR and MC CONSTRUCTION based on the agreements under the FTC Holder Rule.

33.     The facts contained in allegations 8 - 31 are substantially similar for hundreds of consumers throughout the state of Florida (and nationwide).

34.     All conditions precedent to this suit has been met or waived.

35.     Plaintiffs have engaged The Consumer Protection Attorney, PA and have agreed that they are owed a reasonable fee for the work performed. Consistent

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

with the agreement between the parties, as the prevailing party, the Plaintiffs may seek reimbursement of these amounts paid from the Defendants.

<strong><u>CLASS ALLEGATIONS</u></strong>

36.  Plaintiffs bring this action on behalf of themselves and all others similarly situated ("the Class").

37.  Plaintiffs represent and are a member of a Class consisting of all persons within the state of Florida who, within three years before the filing of this Complaint, have been approached by Defendant, MC SOLAR, or its agent Defendant, MC CONSTRUCTION, who were provided contracts to execute and sign without receiving the e-sign consent as required under Florida and Federal law, who had solar panel systems installed on their property by MC CONSTRUCTION, MC SOLAR, or its Agents, who did not receive the advertised benefit of the solar panel Solar System including a working solar panel Solar System or elimination of a significant portion of the utility bill, and who financed through GOODLEAP.

38.  Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the class but believes that the Class members number exceeds 100, if not more. Thus, this matter should be certified as a Class action for judicial economy and efficiency and to assist in the expeditions litigation of this matter.

39.  The acts of Defendants harmed plaintiffs and members of the class in at least the following ways: Each has been approached by Defendant, MC SOLAR, or its agent Defendant, MC CONSTRUCTION, who then provided contracts to execute and sign without receiving the e-sign consent as required under Florida and Federal law, who had solar panel systems installed on their property by MC CONSTRUCTION, MC SOLAR, or its Agents, who did not receive the advertised benefit of the solar panel Solar System including a working solar panel Solar System or elimination of a This suit seeks compensatory damages as well as statutory damages on behalf of the Class. Plaintiff reserves the right to expand the

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40.    The joinder of Class members is impractical due to a large number of class members, and the disposition of their claims in the Class action will provide substantial benefits to both the parties and the Court. The Class can be identified through the Defendants' or Defendants' agents' records.

41.    There is a well-defined community of interest in the questions of law and facts involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

1. Whether, within three years prior to the filing of this Complaint, Defendants or their agents made representations to the consumer that were patently false, including grossly inadequate "estimates" as to the elimination of the utility bill;

2. Whether, within three years prior to the filing of this Complaint, Defendants or their agents, failed to provide e-sign consent forms to consumers which would authorize the Defendants to enter into binding agreements with the consumer;

3. Whether, within three years prior to the filing of this Complaint, Defendants or their agents, failed to install a solar panel system which matched the design submitted to the local government for permitting; AND

4. Whether, within three years prior to the filing of this Complaint, Defendants or their agents indicated that they could no longer complete the contract between the parties and that the Consumer would need to find a new provider.

42.    As persons who, within three years before the filing of this Complaint, have been approached by Defendant, MC SOLAR, or its agent Defendant, MC CONSTRUCTION, who were provided contracts to execute and sign without

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

receiving the e-sign consent as required under Florida and Federal law, who had solar panel systems installed on their property by MC CONSTRUCTION, MC SOLAR, or its Agents, who did not receive the advertised benefit of the solar panel Solar System including a working solar panel Solar System or elimination of a significant portion of the utility bill, and who financed through GOODLEAP, Plaintiffs are asserting claims that are typical of this class. During the three-year period prior to the filing of this Complaint, Defendants were engaged in a pattern and practice of contacting members of the class in connection with a debt that was time-barred for collection through legal action. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

43. Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the relatively small size of the individual claims, few, if any Class members could afford to seek individual legal redress for the wrongs complained of herein.

44. Plaintiff has retained counsel experienced in handling claims involving violations of the laws referenced herein and has a history in solar panel/consumer rights litigation.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal and Florida law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action pursuant to the laws referenced herein is minimal. Management of these claims is likely to present significantly fewer difficulties than those present in many class claims.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

## COUNT I - DECEPTIVE AND UNFAIR TRADE PRACTICES
### [Class Count - All Defendants]

46.     Plaintiffs reallege and incorporate allegations 1 - 45 as if fully set forth herein.

47.     This is an action for damages and injunctive relief under the Florida Deceptive and Unfair Trade Practice Act (Fla. Stat. 501.201, et. seq.)

48.     Defendant is a business engaged in a trade or practice or commerce is defined under Fla. Stat. 501.203.

49.     Plaintiffs are consumers as defined by that act.

50.     Defendants offer and sell goods (in the form of roofing and solar panel materials and systems) and services (in the form of roofing services) to consumers by using unfair acts in furtherance of a trade or commerce; namely, the representation to homeowners that damage exists on a roof without a thorough inspection of the roof and basing that finding on neighboring parcels.

51.     Defendants offer and sell goods (in the form of roofing materials) and services (in the form of roofing and solar Solar System services) to consumers by using deceptive acts in furtherance of a trade or commerce; namely, the false representation of the utility of solar Solar System, including that it would eliminate or virtually eliminate a utility bill, that a specific amount of generation of the Solar System could be acheived, that the agreements between the parties were valid and binding, despite not giving the proper disclosures under the E-Sign Act (*See 15 U.S.C. § 7001(c)(1)(a); also Fla. Stat. § 668.50*), not allowing the Plaintiffs to read the contract in depth at the time of signing, not properly installing the Solar System, not properly permitting the Solar System, not responding to customer inquiries in a timely manner, and being unable to complete their contracts with consumers in the state of Florida.

52.     As a result of these unfair and deceptive acts, the Plaintiffs were damaged. Specifically, the raise in the insurance rate and the cost of replacement of the roof in question.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

WHEREFORE, Plaintiffs, request actual damages, compensatory damages stemming from the misrepresentations, an injunction to enjoin the Defendants from advertising or procuring clients in this manner and using a deceptive sales pitch or from enforcing those agreements, emotional damages, attorney's fees and costs, for interest (pre and post judgment), and for any and all other relief this Court deems just and proper.

## COUNT II - FRAUD IN THE EXECUTION
### [Class Count - All Defendants]

53.     Plaintiffs reallege and incorporate allegations 1 - 45 as if fully set forth herein.

54.     Plaintiffs were presented with an electronic document, which did not properly afford the Plaintiff's time to review the contract in a manner which allowed them to form intent to execute any agreement.

55.     All that the Plaintiffs were told is that the contract they were signing mirrored the sales pitch they were presented.

56.     This is patently false. The Plaintiffs in this cause of action were told that the system they were building was one which would meet their needs to eliminate electricity bills.

57.     At no point were the Plaintiffs told that they "estimated" this data in their sales presentation.

58.     Clearly, the agreed upon "deal" and the written "deal" contain material changes, none of which were represented by the Defendants.

WHEREFORE, Plaintiffs, request actual damages, an injunction to enjoin the Defendant from advertising or procuring clients in this manner, emotional damages, attorney's fees and costs, for interest (pre and post judgment), and for any and all other relief this Court deems just and proper.

## COUNT III - RESCISSION
### [Class Count - All Defendants]

59.     Plaintiffs reallege and reincorporate allegations 1 - 45 as if fully set forth herein.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

60.     At the time of the transaction, the Defendants failed to give the necessary disclosures as required under The E-Sign Act (*See 15 U.S.C. § 7001(c)(1) (a); also Fla. Stat. § 668.50)* and the Truth and Lending Act (TILA), including, but not limited to failing to provide statutorily required disclosures of a three day cooling off period as the sale occurred at the Plaintiff's Home, by not providing the true cost of financing on the transaction as would be required under a Mortgage, and by not providing the E-Sign Consent ahead of delivering items to the Plaintiffs electronically.

61.     As a result of these failures, the Plaintiffs have been damaged, including actual damages and emotional damages arising from increased electrical bills that were to be eliminated AND improper reporting on the Plaintiffs' credit.

62.     As a result of these failures, the Plaintiffs have a 3-year right of rescission pursuant to 15 USC 1635(f). Plaintiffs have tendered this notice to the Defendants named herein.

WHEREFORE, Plaintiffs, demand judicial enforcement of the right to rescind, for actual damages, statutory damages, attorney's fees and costs, and for any other relief this court deems just and proper.

## COUNT IV - BREACH OF CONTRACT
## [Class Count, PLEAD IN THE ALTERNATIVE TO COUNTS I - III]

63.     Plaintiffs reallege and reincorporate allegations 1 - 45 as if fully set forth herein.

64.     If unsuccessful in Counts I - III, Plaintiffs will have been found to have a contract between Defendant, MC SOLAR, MC CONSTRUCTION, and GOODLEAP.

65.     That contract is for a solar panel system that would eliminate any and all use of "on-grid" electricity or significantly minimize that use.

66.     To date, this has not occurred.

67.     As a result, the Defendants' have breached their agreement between the parties.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

68.     This breach has caused damages in excess of $130,000.00.

WHEREFORE, Plaintiffs demand actual damages, interest (pre and post judgment), attorney's fees and costs, and for any other relief this court deems just and proper.

## COUNT V - AVOIDING FRADULENT TRANSFERS
### [Class Count, AS TO MC CONSTRUCTION/MC SOLAR]

69.     Plaintiffs reallege and incorporate allegations 1 - 45 as if fully set forth herein.

70.     This action is being brought under Fla. Stat. 726.110(a).

71.     Upon information and belief, Defendants have a shared business relationship which allows them to shift assets in an effort to hinder or delay the ability for Plaintiffs to recover damages.

72.     As this suit requests damages from these entities, who may improperly transfer funds to avoid such collection, any monetary transfers, assignments of contracts, or use of funds obtained in furtherance of the behavior complained of herein must be avoided.

73.     Absent avoidance of these transfers, Plaintiff is unable to perfect a judicial lien against these assets and obtain justice.

WHEREFORE, Plaintiffs request judgment in their favor, that any transfer between MC SOLAR and MC CONSTRUCTION be avoided, for attorney's fees and costs, and any and all other relief this Court deems just. .

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all issues so triable.

Respectfully submitted,

THE CONSUMER PROTECTION
ATTORNEY, PA
Attorneys for Plaintiff.
301 W. Platt St., #216.
Tampa, FL 33606
Phone: 813.252.0239

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

Email:
bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.co
m


By:     /s/ Bryant H. Dunivan Jr.
         Bryant H. Dunivan Jr., Esq.
         Fla. Bar No.: 102594
         MI P. No.: 85206

## IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR MANATEE COUNTY, FLORIDA

BRIAN PUSKAS and TERESA PUSKAS,

       Plaintiff,

v.

MODERN CONCEPTS CONSTRUCTION, LLC, MODERN CONCEPTS SOLAR AND ROOFING, INC. and GOODLEAP, LLC,

       Defendants.

_____/

**CASE NO. 2023-CA-000857**

**CIVIL DIVISION**

## NOTICE OF APPEARANCE AS COUNSEL FOR DEFENDANT
## GOODLEAP, LLC AND EMAIL DESIGNATIONS

**PLEASE TAKE NOTICE THAT** the undersigned attorneys of the law firm NELSON MULLINS RILEY & SCARBOROUGH, LLP appear as counsel for Defendant GOODLEAP, LLC and designate their primary and secondary e-mail addresses for service in this matter as listed below pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516.

Dated this 14th day of March, 2022.

         **NELSON MULLINS RILEY & SCARBOROUGH, LLP**
         *Counsel for Defendant Goodleap, LLC*
         1905 N.W. Corporate Blvd., Suite 310
         Boca Raton, Florida 33431
         P: 561-343-6967  |  F: 561-483-7321

         */s/ Terrance W. Anderson, Jr.*
         **Terrance W. Anderson, Jr., Esq.**
         Florida Bar No. 27426
         TW.Anderson@nelsonmullins.com

*Case No. 2023-CA-000857*

Jenny.Sica@nelsonmullins.com

*/s/ Sophie M. Labarge*
**Sophie M. Labarge, Esq.**
Florida Bar No. 1025145
Sophie.Labarge@nelsonmullins.com
Jenny.Sica@nelsonmullins.com

## CERTIFICATE OF SERVICE

I CERTIFY that on March 14th, 2023 a copy of the foregoing was served on all parties on the attached service list in the manner set forth therein in compliance with Fla. R. Gen. Prac. & Jud. Admin. 2.516.

*/s/ Terrance W. Anderson, Jr.*
**Terrance W. Anderson, Jr., Esq.**
Florida Bar No. 27426

## SERVICE LIST

**THE CONSUMER PROTECTION ATTORNEY, PA**
301 W. Platt St., # 216
Tampa, FL 33606
Bryant H. Dunivan, Jr.
bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com

**IN THE COUNTY COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA**

BRIAN PUSKAS and TERESA
PUSKAS,

      Plaintiff,

v.

MODERN CONCEPTS
CONSTRUCTION, LLC, MODERN
CONCEPTS SOLAR AND ROOFING,
INC. and GOODLEAP, LLC,

      Defendants.

_____/

**CASE NO. 2023-CA-000857**

**CIVIL DIVISION**

**DEFENDANT GOODLEAP, LLC'S MOTION FOR ENLARGEMENT
OF TIME TO RESPOND TO COMPLAINT**

Defendant GOODLEAP, LLC ("Goodleap"), pursuant to Fla. R. Civ. P.
1.090(b)(1)(A), hereby moves this Honorable Court for a twenty-day extension
of time to file its response to Plaintiffs' BRIAN PUSKAS and TERESA
PUSKAS's (collectively, "Plaintiffs") Complaint by April 11, 2023.  In support
thereof, Goodleap states as follows:

1.     Goodleap's current deadline to file its answer to the Complaint is
March 22, 2023.

2.     "When an act is required or allowed to be done at or within a
specified time by order of court, by these rules, or by notice given thereunder,
for cause shown the court at any time in its discretion . . . with or without

notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order." Fla. R. Civ. P. 1.090(b)(1)(A).

3.      This is Goodleap's first request for an extension to file its response to the Complaint in this matter.

4.      The request is sought so Goodleap can properly research the allegations raised in the pleading and prepare an informed, appropriate, and adequate response to same.

5.      Goodleap respectfully requests a brief 20-day extension of time to respond to the Complaint up to and including Tuesday, April 11, 2023.

6.      The extension sought is reasonable. The requested extension is not being interposed for any improper purpose such as unreasonable delay and granting the extension will not prejudice any party to this action.

**WHEREFORE**, Defendant GOODLEAP, LLC respectfully moves this Honorable Court for the entry of an order:

a. Granting Goodleap's Motion for Extension of Time to Respond to the Complaint; and

b. Extending Goodleap's response filing deadline through and including Tuesday, April 11, 2023;

along with any other relief that this Court deems just and proper under the circumstances.

Dated this 14 day of March, 2023.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
*Counsel for Goodleap, LLC*
1905 N.W. Corporate Blvd., Suite 310
Boca Raton, Florida 33431
P: 561-343-6900 | F: 561-483-7321

By:   */s/ T.W. Anderson*
      **Terrance W. Anderson, Jr., Esq.**
      Florida Bar No. 27426
      TW.Anderson@nelsonmullins.com
      Jenny.Sica@nelsonmullins.com

## CERTIFICATE OF SERVICE

I CERTIFY THAT on March 14, 2023, a true and correct copy of the foregoing was served on all parties listed in the attached service list in compliance with Fla. R. Gen. Prac. & Jud. Admin. 2.516.

By:   */s/ T.W. Anderson*
      **Terrance W. Anderson, Jr., Esq.**
      Florida Bar No. 27426

## SERVICE LIST

**THE CONSUMER PROTECTION
ATTORNEY, PA**
301 W. Platt St., # 216
Tampa, FL 33606
Bryant H. Dunivan, Jr.
bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com