IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL ACTION

BRIAN PUSKAS and TERESA PUSKAS, and
all others similarly situated,

       Plaintiff,

CASE NO.: 23-CA-
JURY TRIAL DEMANDED
PROPOSED CLASS ACTION

v.

MODERN CONCEPTS CONSTRUCTION, LLC,
MODERN CONCEPTS SOLAR AND ROOFING INC.,
and GOODLEAP, LLC

       Defendants.
_____/

## COMPLAINT

Plaintiff, BRIAN PUSKAS (hereinafter "Plaintiff"), by and through the undersigned counsel, files this Complaint against MODERN CONCEPTS CONSTRUCTION, LLC, MODERN CONCEPTS SOLAR AND ROOFING INC., and GOODLEAP, LLC and as grounds state:

## PARTIES

1. This is an action for damages that exceeds $50,000, exclusive of costs and attorney's fees.

2. Plaintiffs, BRIAN PUSKAS and TERESA PUSKAS, are Manatee County, Florida residents.

3. Defendant, MODERN CONCEPTS CONSTRUCTION, LLC ("MC CONSTRUCTION"), is a Florida limited liability company that does business in this county by purportedly providing construction and solar materials to Defendant, MODERN CONCEPTS SOLAR AND ROOFING INC., and to residents of the state of Florida.

4. Defendant, MODERN CONCEPTS SOLAR AND ROOFING INC. ("MC SOLAR"), is a Florida For-Profit Corporation that does business in this county by purportedly providing roofing and solar systems to residents of the state of Florida.

5. Defendant, GOODLEAP, LLC, is a California Company that transacts business nationally by providing home improvement loans to consumers in Florida and Manatee County.

6. Defendant GOODLEAP LLC is the financing company for MC SOLAR and MC CONSTRUCTION. As they paid for the product and services sold by MC SOLAR and MC CONSTRUCTION, the FTC Holder Rule applies. *See 16 CFR § 433.2.*

7. Venue is proper at the property at issue in this litigation is located in this county.

## GENERAL ALLEGATIONS

8. The plaintiffs first met with Defendant's MC SOLAR representatives regarding procuring solar services at their property in this County.

9. MC Solar initially had great reviews online and was the only company the Plaintiffs interviewed that could provide a Solar System that met their needs, to wit, to offset the entire electrical use by the Plaintiffs and eliminate an electric bill.

10. On or about June 12, 2022, Defendant MC SOLAR presented the Plaintiffs with a purchase contract for their solar Solar System through its agent, MC CONSTRUCTION. A true and correct copy is attached as Exhibit 1.

11. Before June 12, 2022, and upon information and belief, the Plaintiff's had not been presented with or signed an E-Sign Consent form. As a result, any applicable recision period has not been correctly given.

12. Despite making their needs clear to the contractor for MC SOLAR, the Plaintiffs were sold an oversized solar panel Solar System ("Solar System" or "System") far beyond what they required.

13. During the sales presentation, they were told that the Solar System was designed to meet their needs.

14. With this in mind, the Solar System was initially designed and permitted for "100 panels."

15. On the installation day, MC SOLAR changed from the planned 100 smaller panels to 94 larger ones without changing the Contract, yet failed to update the diagrams/permit with the city.

16. Despite a material change to their plans and a deviation from the permit, the Solar System was installed anyways.

17. Manatee County refused to inspect the installation until the new design was submitted.

18. As soon as the panels were installed, Defendant GOODLEAP released the funds to MC Solar.

19. After being paid, it took repeated calls to MC Solar to submit updated plans to the city.

20. After they were submitted, the inspection took place on December 29th.

21. As installed by Defendant, MC Construction for MC SOLAR, the solar panel Solar System failed inspection.

22. After a few weeks, Defendant, MC SOLAR, sent technicians to correct the discrepancies found by the inspector.

23. Defendant, MC SOLAR, took several more weeks and multiple phone calls from Plaintiffs to get the company to reinspect.

24. Plaintiffs spoke with a newer employee of Defendant, MC SOLAR, at the office, who also had a background in solar panel installations.

25. He came the morning of the reinspect to speak with the inspector and make sure it passed.

26. It failed again; however, the employee could quickly repair it this time, and it subsequently passed.

27. Plaintiffs were told the next step was that the company would reach out to the power company, and they would install the bi-directional meter, after which MC Solar would "turn on" the Solar System.

28. Plaintiffs called the MC SOLAR office, and MC SOLAR indicated that they had yet to order one while the Home was ready for the meter.

29. MC SOLAR said they would email the required documentation and contact the power company.

30. Plaintiffs have never received an email, and MC SOLAR is no longer responsive.

31. Recently, the Plaintiffs received written correspondence from GOODLEAP, attached as Exhibit 2, which indicates that:

"As you may know, your contractor Modern Concepts has been unresponsive. We were recently made aware of their situation and are currently considering ways so we can assist you in this situation. Modern Concepts no longer has the capability to oversee your project to completion. GoodLeap is actively connecting with a trusted third party that will complete the required work and make sure your Solar System is fully operation and up and running. We will have a final determination of who will be assisting with getting your project to completion in 2 weeks. Please use us as your point of contact moving forward for any questions or concerns about your Solar System. We will reach out in 2 weeks with further information and next steps."

32. As a result of this communication, GOODLEAP is taking over for MC SOLAR and MC CONSTRUCTION based on the agreements under the FTC Holder Rule.

33. The facts contained in allegations 8 - 31 are substantially similar for hundreds of consumers throughout the state of Florida (and nationwide).

34. All conditions precedent to this suit has been met or waived.

35. Plaintiffs have engaged The Consumer Protection Attorney, PA and have agreed that they are owed a reasonable fee for the work performed. Consistent

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

with the agreement between the parties, as the prevailing party, the Plaintiffs may seek reimbursement of these amounts paid from the Defendants.

## CLASS ALLEGATIONS

36. Plaintiffs bring this action on behalf of themselves and all others similarly situated ("the Class").

37. Plaintiffs represent and are a member of a Class consisting of all persons within the state of Florida who, within three years before the filing of this Complaint, have been approached by Defendant, MC SOLAR, or its agent Defendant, MC CONSTRUCTION, who were provided contracts to execute and sign without receiving the e-sign consent as required under Florida and Federal law, who had solar panel systems installed on their property by MC CONSTRUCTION, MC SOLAR, or its Agents, who did not receive the advertised benefit of the solar panel Solar System including a working solar panel Solar System or elimination of a significant portion of the utility bill, and who financed through GOODLEAP.

38. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the class but believes that the Class members number exceeds 100, if not more. Thus, this matter should be certified as a Class action for judicial economy and efficiency and to assist in the expeditions litigation of this matter.

39. The acts of Defendants harmed plaintiffs and members of the class in at least the following ways: Each has been approached by Defendant, MC SOLAR, or its agent Defendant, MC CONSTRUCTION, who then provided contracts to execute and sign without receiving the e-sign consent as required under Florida and Federal law, who had solar panel systems installed on their property by MC CONSTRUCTION, MC SOLAR, or its Agents, who did not receive the advertised benefit of the solar panel Solar System including a working solar panel Solar System or elimination of a This suit seeks compensatory damages as well as statutory damages on behalf of the Class. Plaintiff reserves the right to expand the

Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40. The joinder of Class members is impractical due to a large number of class members, and the disposition of their claims in the Class action will provide substantial benefits to both the parties and the Court. The Class can be identified through the Defendants' or Defendants' agents' records.

41. There is a well-defined community of interest in the questions of law and facts involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

1. Whether, within three years prior to the filing of this Complaint, Defendants or their agents made representations to the consumer that were patently false, including grossly inadequate "estimates" as to the elimination of the utility bill;
2. Whether, within three years prior to the filing of this Complaint, Defendants or their agents, failed to provide e-sign consent forms to consumers which would authorize the Defendants to enter into binding agreements with the consumer;
3. Whether, within three years prior to the filing of this Complaint, Defendants or their agents, failed to install a solar panel system which matched the design submitted to the local government for permitting; AND
4. Whether, within three years prior to the filing of this Complaint, Defendants or their agents indicated that they could no longer complete the contract between the parties and that the Consumer would need to find a new provider.

42. As persons who, within three years before the filing of this Complaint, have been approached by Defendant, MC SOLAR, or its agent Defendant, MC CONSTRUCTION, who were provided contracts to execute and sign without

receiving the e-sign consent as required under Florida and Federal law, who had solar panel systems installed on their property by MC CONSTRUCTION, MC SOLAR, or its Agents, who did not receive the advertised benefit of the solar panel Solar System including a working solar panel Solar System or elimination of a significant portion of the utility bill, and who financed through GOODLEAP, Plaintiffs are asserting claims that are typical of this class. During the three-year period prior to the filing of this Complaint, Defendants were engaged in a pattern and practice of contacting members of the class in connection with a debt that was time-barred for collection through legal action. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

43. Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the relatively small size of the individual claims, few, if any Class members could afford to seek individual legal redress for the wrongs complained of herein.

44. Plaintiff has retained counsel experienced in handling claims involving violations of the laws referenced herein and has a history in solar panel/consumer rights litigation.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal and Florida law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action pursuant to the laws referenced herein is minimal. Management of these claims is likely to present significantly fewer difficulties than those present in many class claims.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

## COUNT I - DECEPTIVE AND UNFAIR TRADE PRACTICES
### [Class Count - All Defendants]

46. Plaintiffs reallege and incorporate allegations 1 - 45 as if fully set forth herein.

47. This is an action for damages and injunctive relief under the Florida Deceptive and Unfair Trade Practice Act (Fla. Stat. 501.201, et. seq.)

48. Defendant is a business engaged in a trade or practice or commerce is defined under Fla. Stat. 501.203.

49. Plaintiffs are consumers as defined by that act.

50. Defendants offer and sell goods (in the form of roofing and solar panel materials and systems) and services (in the form of roofing services) to consumers by using unfair acts in furtherance of a trade or commerce; namely, the representation to homeowners that damage exists on a roof without a thorough inspection of the roof and basing that finding on neighboring parcels.

51. Defendants offer and sell goods (in the form of roofing materials) and services (in the form of roofing and solar Solar System services) to consumers by using deceptive acts in furtherance of a trade or commerce; namely, the false representation of the utility of solar Solar System, including that it would eliminate or virtually eliminate a utility bill, that a specific amount of generation of the Solar System could be acheived, that the agreements between the parties were valid and binding, despite not giving the proper disclosures under the E-Sign Act (*See* 15 U.S.C. § 7001(c)(1)(a); <u>also</u> Fla. Stat. § 668.50), not allowing the Plaintiffs to read the contract in depth at the time of signing, not properly installing the Solar System, not properly permitting the Solar System, not responding to customer inquiries in a timely manner, and being unable to complete their contracts with consumers in the state of Florida.

52. As a result of these unfair and deceptive acts, the Plaintiffs were damaged. Specifically, the raise in the insurance rate and the cost of replacement of the roof in question.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

WHEREFORE, Plaintiffs, request actual damages, compensatory damages stemming from the misrepresentations, an injunction to enjoin the Defendants from advertising or procuring clients in this manner and using a deceptive sales pitch or from enforcing those agreements, emotional damages, attorney's fees and costs, for interest (pre and post judgment), and for any and all other relief this Court deems just and proper.

### COUNT II - FRAUD IN THE EXECUTION
### [Class Count - All Defendants]

53. Plaintiffs reallege and incorporate allegations 1 - 45 as if fully set forth herein.

54. Plaintiffs were presented with an electronic document, which did not properly afford the Plaintiff's time to review the contract in a manner which allowed them to form intent to execute any agreement.

55. All that the Plaintiffs were told is that the contract they were signing mirrored the sales pitch they were presented.

56. This is patently false. The Plaintiffs in this cause of action were told that the system they were building was one which would meet their needs to eliminate electricity bills.

57. At no point were the Plaintiffs told that they "estimated" this data in their sales presentation.

58. Clearly, the agreed upon "deal" and the written "deal" contain material changes, none of which were represented by the Defendants.

WHEREFORE, Plaintiffs, request actual damages, an injunction to enjoin the Defendant from advertising or procuring clients in this manner, emotional damages, attorney's fees and costs, for interest (pre and post judgment), and for any and all other relief this Court deems just and proper.

### COUNT III - RESCISSION
### [Class Count - All Defendants]

59. Plaintiffs reallege and reincorporate allegations 1 - 45 as if fully set forth herein.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

60. At the time of the transaction, the Defendants failed to give the necessary disclosures as required under The E-Sign Act (*See* 15 U.S.C. § 7001(c)(1)(a); *also* Fla. Stat. § 668.50) and the Truth and Lending Act (TILA), including, but not limited to failing to provide statutorily required disclosures of a three day cooling off period as the sale occurred at the Plaintiff's Home, by not providing the true cost of financing on the transaction as would be required under a Mortgage, and by not providing the E-Sign Consent ahead of delivering items to the Plaintiffs electronically.

61. As a result of these failures, the Plaintiffs have been damaged, including actual damages and emotional damages arising from increased electrical bills that were to be eliminated AND improper reporting on the Plaintiffs' credit.

62. As a result of these failures, the Plaintiffs have a 3-year right of rescission pursuant to 15 USC 1635(f). Plaintiffs have tendered this notice to the Defendants named herein.

WHEREFORE, Plaintiffs, demand judicial enforcement of the right to rescind, for actual damages, statutory damages, attorney's fees and costs, and for any other relief this court deems just and proper.

## COUNT IV - BREACH OF CONTRACT
### [Class Count, PLEAD IN THE ALTERNATIVE TO COUNTS I - III]

63. Plaintiffs reallege and reincorporate allegations 1 - 45 as if fully set forth herein.

64. If unsuccessful in Counts I - III, Plaintiffs will have been found to have a contract between Defendant, MC SOLAR, MC CONSTRUCTION, and GOODLEAP.

65. That contract is for a solar panel system that would eliminate any and all use of "on-grid" electricity or significantly minimize that use.

66. To date, this has not occurred.

67. As a result, the Defendants' have breached their agreement between the parties.

"2023CA000857AX" 167682658 Filed at Manatee County Clerk 02/28/2023 02:44:34 PM EST

68. This breach has caused damages in excess of $130,000.00.

WHEREFORE, Plaintiffs demand actual damages, interest (pre and post judgment), attorney's fees and costs, and for any other relief this court deems just and proper.

## COUNT V - AVOIDING FRADULENT TRANSFERS
## [Class Count, AS TO MC CONSTRUCTION/MC SOLAR]

69. Plaintiffs reallege and incorporate allegations 1 - 45 as if fully set forth herein.

70. This action is being brought under Fla. Stat. 726.110(a).

71. Upon information and belief, Defendants have a shared business relationship which allows them to shift assets in an effort to hinder or delay the ability for Plaintiffs to recover damages.

72. As this suit requests damages from these entities, who may improperly transfer funds to avoid such collection, any monetary transfers, assignments of contracts, or use of funds obtained in furtherance of the behavior complained of herein must be avoided.

73. Absent avoidance of these transfers, Plaintiff is unable to perfect a judicial lien against these assets and obtain justice.

WHEREFORE, Plaintiffs request judgment in their favor, that any transfer between MC SOLAR and MC CONSTRUCTION be avoided, for attorney's fees and costs, and any and all other relief this Court deems just. .

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all issues so triable.

Respectfully submitted,

THE CONSUMER PROTECTION
ATTORNEY, PA
Attorneys for Plaintiff.
301 W. Platt St., #216.
Tampa, FL 33606
Phone: 813.252.0239

Email:
bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com

By: /s/ Bryant H. Dunivan Jr.
  Bryant H. Dunivan Jr., Esq.
  Fla. Bar No.: 102594
  MI P. No.: 85206