# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BRIAN PUSKAS and TERESA PUSKAS,

    Plaintiffs,

v.

MODERN CONCEPTS CONSTRUCTION, LLC, MODERN CONCEPTS SOLAR AND ROOFING, INC. and GOODLEAP, LLC,

    Defendants.

_____/

**CASE NO. 8:23-cv-00736**

## DEFENDANT GOODLEAP, LLC'S MOTION TO DISMISS AND TO COMPEL ARBITRATION

Defendant Goodleap, LLC ("Goodleap"), pursuant to pursuant to Fed. R. of Civ. P. 12(b)(1), 9 U.S.C. §§ 3 and 4 of the Federal Arbitration Act ("FAA"), and other applicable authority, moves to dismiss the complaint filed by Plaintiffs BRIAN PUSKAS and TERESA PUSKAS (collectively, "Plaintiffs") and to compel all claims against it to binding arbitration. In support thereof, Goodleap states as follows:

### INTRODUCTION

Plaintiffs filed this action on February 28, 2023, in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida. Goodleap removed the action to this Court on March 3, 2023. Plaintiffs assert four claims

against Goodleap: (1) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"); (2) fraud in the execution; (3) rescission; and (4) breach of contract. Plaintiff brings these claims against Goodleap under the FTC Holder Rule alleging that Goodleap is the financing company for products and services sold by MC Solar and MC Construction. *See* Compl., at ¶ 6.

In sum, Plaintiffs' claims arise from their purchase and financing of solar equipment. They allege that they signed a purchase contract with MC Solar and MC Construction for the purchase and installation of a solar system, which failed after installation. *See* Compl., at ¶ 10. They further allege that Goodleap financed this purchase. *See* Compl., at ¶¶ 6, 37, and 42. Moreover, Plaintiffs allege that Goodleap is liable for the actions of MC Solar and MC Construction under the agreements pursuant to the FTC Holder Rule. *See* Compl., at ¶ 6 (alleging that Goodleap is liable by application of the FTC Holder Rule). Simply put, Plaintiffs' claims against Goodleap all arise out of and relate to a loan agreement executed by Mr. Puskas.

### THE LOAN AGREEMENT AND ARBITRATION AGREEMENT

On June 12, 2022, Mr. Puskas executed a loan agreement[1] in the amount of $134,027.00 to finance the purchase of a solar panel system to be installed at that certain real property located at 19736 62nd Avenue E., Bradenton,

---

[1] A true and correct copy of the Loan Agreement is attached hereto as **Exhibit 'A'**.

Florida 34211 (the "Loan Agreement"). The Loan Agreement contains a valid and enforceable arbitration clause (the "Arbitration Agreement"), which provides the following:

> **All claims and disputes arising out of or relating to this Agreement (hereafter, "Dispute(s)") shall be resolved by binding arbitration on an individual basis. The arbitrator shall also decide any issues relating to the making, validity, enforcement, or scope of this arbitration agreement, arbitrability, defenses to arbitration including unconscionability, or the validity of the jury trial, class action or representative action waivers (collectively, "arbitrability" issues). YOU HEREBY WAIVE ANY CONSTITUTIONAL AND STATUTORY RIGHTS TO GO TO COURT AND HAVE A TRIAL IN FRONT OF A JURY. FURTHER, UNLESS YOU OPT OUT OF ARBITRATION, YOU ALSO AGREE TO WAIVE ANY RIGHT TO BRING OR PARTICIPATE IN A CLASS OR REPRESENTATIVE ACTION IN COURT OR IN ARBITRATION.**

*See* Ex. A, at ¶ 15 (emphasis supplied). Plaintiffs did not opt out of the Arbitration Agreement. Moreover, the Loan Agreement provides the following language:

> **ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

*See* Ex. A, at ¶ 14. All of Plaintiffs' claims arise out of or relate to the Loan Agreement, and Plaintiffs expressly rely upon the Loan Agreement to assert claims against Goodleap under the FTC Holder Rule. Accordingly, Plaintiffs'

claims should be dismissed because it is undisputed that the Loan Agreement was executed and the arbitration agreement is enforceable.

## MEMORANDUM OF LAW

### I. LEGAL STANDARD OF MOTION TO COMPEL ARBITRATION.

"Under both federal statutory provisions and Florida's arbitration code," courts must consider three factors on a motion to compel arbitration: "(1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." *Lowe v. Charter Commc'n Holdings LLC*, Case No: 6-19-cv-1621, 2019 WL 13248799, at *2 (M.D. Fla. Nov. 5, 2019) (quoting *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999)).

### II. ARBITRATION SHOULD BE COMPELLED IN THIS MATTER.
#### a. A VALID ARBITRATION AGREEMENT EXISTS.

In general, the FAA governs the enforceability of arbitration provisions in contracts involving transactions in interstate commerce. *Hill v. Rent-A.Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005). Under the FAA, "courts must rigorously enforce arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013). Arbitration agreements are presumptively valid and enforceable. *See* 9 U.S.C. § 2; *see also Parnell v. Cashcall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015) ("The FAA places arbitration agreements on equal footing with all other contracts and sets

forth a clear presumption—'a national policy'—in favor of arbitration.") A written arbitration provision in a "contract evidencing a transaction involving commerce" is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Cir. 2012).

Here, the Loan Agreement includes a valid, written agreement to arbitrate, which Plaintiffs did not opt out of. *See* Ex. A, at ¶ 15. Indeed, Plaintiffs do not dispute that the Loan Agreement containing the Arbitration Agreement exists. Instead, Plaintiffs rely upon the language in the Loan Agreement to assert claims against Goodleap under the FTC Holder Rule. *See* Compl., at ¶ 6 ("Defendant GOODLEAP LLC is the financing company for MC Solar and MC Construction. As they paid for the product and services dols by MC Solar and MC Construction, the FTC Holder Rule applies."). Plaintiffs' own assertions confirm that the language in the Loan Agreement, including the Arbitration Agreement, is valid and enforceable. Accordingly, Plaintiffs' claims should be dismissed and arbitration should be compelled.

    **b.**    **PLAINTIFF'S CLAIMS FALL WITHIN THE SCOPE OF THE AGREEMENT.**

"[I]t is the language of the contract that defines the scope of disputes subject to arbitration." *Gamble v. New England Auto Fin., Inc.*, 735 Fed. Appx.

664, 665 (11th Cir. 2018); *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289, 2002).

### i. The Arbitration Agreement Expressly Delegates Decision Making to the Arbitrator.

When parties agree to arbitrate all disputes between them, questions concerning the validity of the contract are to be resolved by the arbitrator in the first instance, not by a federal or state court. *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). The law is clear that parties may bar courts from deciding whether a dispute is arbitrable by "clearly and unmistakably" contracting for an arbitrator to determine arbitrability. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S.Ct. 524, 527 (2019). Thus, "when ... parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Terminix Int'l Co. v. Palmer Ranch Ltd.*, 432 F.3d 1327, 1332 (11th Cir. 2005).

Here, arbitration should be compelled because the Arbitration Agreement has an express delegation clause clearly and unmistakably delegating decisions regarding arbitrability to the arbitrator. *See* Ex. A, at ¶ 15 ("[t]he arbitrator shall also decide any issues relating to the making, validity, enforcement, or scope of this arbitration agreement, arbitrability, defenses to arbitration."). Indeed, the delegation of these threshold

determinations to the arbitrator is unequivocal. Any challenges Plaintiffs may raise concerning the validity or enforceability or whether Plaintiffs' claims are suitable for arbitration cannot be considered by this Court. Accordingly, Plaintiffs' claims should be dismissed and presented at arbitration.

### ii. The Arbitration Agreement Covers All Claims and Disputes Related to the Loan Agreement.

There is "nothing unusual" about a clause that "requires arbitration of all disputes between the parties to the agreement." *Bd. of Trs. v. Citigroup Glob. Mkts., Inc.*, 622 F.3d 1335, 1343 (11th Cir. 2010). Moreover, an arbitrable issue exists where there is a significant relationship or contractual nexus between the claims in the lawsuit and the contract containing the arbitration provision. *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013).

Here, the Arbitration Agreement covers "[a]ll claims and disputes arising out of or relating to [the Loan Agreement]." *See* Ex. A, at ¶ 15. Plaintiffs' claims all arise out of and stem from the Loan Agreement because expressly invokes the holder language in the Loan Agreement to establish Goodleap's liability. Indeed, Plaintiffs' claims bear a significant relationship to the Loan Agreement, which expressly contains the Arbitration Agreement. Accordingly. Plaintiffs' claims should be dismissed and arbitration should be compelled because they fall within the scope of the Arbitration Agreement.

### iii. Plaintiffs' Statutory Claims Are Covered By the Arbitration Agreement.

It is well settled that statutory claims are subject to arbitration just like any other claims. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 26 (1991) ("It is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA."); *Mitsubishi Motors*, 473 U.S. at 628 (by agreeing to arbitrate a statutory claim, a party "does not forgo the substantive rights afforded by the statute [but] submits to their resolution in an arbitral . . . forum.").

Here, Plaintiff asserts various statutory claims under both Federal and Florida law against Goodleap. However, these claims are also subject to the Arbitration Agreement. Accordingly, Plaintiff's claims must be arbitrated, and this Court should compel arbitration and dismiss Plaintiff's Complaint.

    **c.**    **THE RIGHT TO ARBITRATE HAS NOT BEEN WAIVED.**

"In determining whether a party has waived its right to arbitration, courts look to federal law, not state law." *Leitzke v. JPMorgan Chase Bank, N.A.*, 2020 WL 8669703, *3 (M.D. Fla. Jan. 27, 2020). "A party claiming waiver must show that: (1) the party seeking arbitration substantially participated in the litigation to a point inconsistent with an intent to arbitrate; and (2) that this participation resulted in prejudice to the opposing party." *Id.* The only documents Goodleap filed in this action prior to this motion are its Notice of Removal [DE # 1] and Notices of Appearance by its Counsel [DE #2 and 3].

Page **8** of **10**

Similarly, in the State Court Proceedings, Goodleap only filed a Notice of Appearance and a Motion for Extension of time to Respond to the Complaint. Accordingly, Goodleap has not taken any actions inconsistent with its right to arbitrate.

**WHEREFORE**, Defendant GOODLEAP, LLC respectfully moves this Honorable Court for the entry of an order:

a) Granting this Motion to Dismiss;

b) Compelling arbitration of all of Plaintiffs' claims; and

c) Awarding Goodleap its prevailing party attorney fees and costs against Plaintiff BRIAN PUSKAS and TERESA PUSKAS;

along with such additional relief deemed just and proper under the circumstances.

Dated this 10th day of April, 2023.

    Respectfully submitted,

    **NELSON MULLINS RILEY & SCARBOROUGH, LLP**
    *Counsel for Goodleap, LLC*
    1905 N.W. Corporate Blvd., Suite 310
    Boca Raton, Florida 33431
    P: 561-343-6900 | F: 561-483-7321

    By: */s/ T.W. Anderson*
        **Terrance W. Anderson, Jr., Esq.**
        Florida Bar No. 27426
        TW.Anderson@nelsonmullins.com
        Jenny.Sica@nelsonmullins.com

## LOCAL RULE 3.01(g) CERTIFICATION

I CERTIFY THAT, pursuant to L.R. 3.01(g), on April 10, 2023 I, on behalf of the movant, conferred with counsel for the Plaintiff via telephone, who advised that the motion is opposed.

By: */s/ T.W. Anderson*
**Terrance W. Anderson, Jr., Esq.**

## CERTIFICATE OF SERVICE

I CERTIFY THAT on April 10, 2023, a true and correct copy of the foregoing was served on all parties listed in the attached service list.

By: */s/ T.W. Anderson*
**Terrance W. Anderson, Jr., Esq.**

## SERVICE LIST

**THE CONSUMER PROTECTION ATTORNEY, PA**
301 W. Platt. St., #216
Tampa, FL 33606
bryant@theconsumerprotectionattorney.com
eservice@theconsumerprotectionattorney.com